**Kerry CONNORS, Sr. and Elizabeth Connors, h/w,**

v.

**R & S PARTS & SERVICES, INC., d/b/a Strauss Discount Auto.**

Civil Action No. 02–1473.

United States District Court, E.D. Pennsylvania.

March 5, 2003.

Peter M. Hileman, Drake, Hileman & Davis, Doylestown, PA, for Plaintiffs.

John Gerard Devlin, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

SHAPIRO, Senior District Judge.

### BACKGROUND

Plaintiffs Kerry and Elizabeth Connors, Pennsylvania residents, have asserted claims for negligence and vicarious liability arising out of a motor vehicle accident against R & S Parts & Services, Inc. ("R & S"), a corporation with its principal place of business in New Jersey and the named defendant in this diversity action. The accident involved two vehicles, one driven by Kerry Connors and the other by Bruce Brighton,[1] alleged to have been an employee of R & S at the time. The two vehicles were traveling westbound on I–78 in Hunterdon County, New Jersey, and the accident was investigated by the New Jersey State Police. The drivers' conduct is governed by the New Jersey Motor Vehicle Code, N.J.S.A. 39:4–1 et seq. Before the court is the motion of R & S to transfer venue to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a). The motion will be granted.

### DISCUSSION

■ To transfer venue under § 1404(a), it is necessary that the action could have been brought in the transferee district. See Tyler v. Rental Service Corp., No. 01–4644, 2002 WL 192590, at *1 (E.D.Pa. Jan. 24, 2002). In an action where jurisdiction is based on diversity of citizenship, as here, venue lies in a "judicial district where any defendant resides, if all defendants reside in the same State [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(a). For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Venue would have been proper in the District of New Jersey under either rationale because R & S maintained its principal place of business in New Jersey at the time this action was commenced, and the accident giving rise to the claims occurred in the transferee district.

■ The court must determine whether a balancing of convenience and the interests of justice favor a trial in the proposed transferee forum. See 28 U.S.C. § 1404(a); Id. The relevant considerations in deciding a § 1404(a) motion include various public and private interests. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995). Private interests include the following: plaintiff's choice of venue; defendant's preference; where the claim arose; convenience of the witnesses to the extent they might be unavailable for trial in one of the fora; and, the extent to which records or other documentary evidence would be available for production. See id.; Williams v. Wies Mkts., 2002 WL 80309, at *1 (E.D.Pa. Jan. 18, 2002). Public interests are as follows: enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and, familiarity of the trial judge with the applicable state law in diversity cases. See Jumara, 55 F.3d at 879; Williams, 2002 WL 80309, at *1.

---

1. Plaintiffs voluntarily dismissed Bruce Brighton. See court order dated November 6, 2002.

The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer. *See In re United States*, 273 F.3d 380, 388 (3d Cir.2001); 15 Wright et al., Federal Practice and Procedure § 3848, at 383 (2d ed.1986). Though the burden is on the defendant, R & S is not required to show "truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d at 388.

### 1. *Private Interests*

The plaintiff's choice of venue should not be lightly disturbed. *Jumara*, 55 F.3d at 879. "A plaintiff's choice is not conclusive, however, or the courts would not employ a multi-factor test, a defendant could never obtain a change of venue and § 1404(a) would be rendered meaningless." *Tyler*, 2002 WL 192590, at *1. Other than the Connors' choice of venue, the most significant private interest here is the location where the claim arose. The accident occurred in New Jersey and was investigated by New Jersey State Police. In addition, R & S has averred, and plaintiffs have not denied, that both the vehicle operated by Brighton and the vehicle operated by Kerry Connors are owned by New Jersey entities. (Def.'s Mot. to Trans. ¶¶ 8,9.)

The Connors claim that the private-interest witness factor weighs against granting the motion to transfer venue. They state that there are only two non-party witnesses who will testify at trial, both of

them doctors with practices located in Pennsylvania,[2] and that those witnesses will be inconvenienced if the action were transferred to the District of New Jersey. But the convenience of the witnesses is relevant only if they might be unavailable for trial. *See Jumara*, 55 F.3d at 879. The Connors have not claimed that either physician would be *unable* to testify should the action be transferred; the use of a doctor's videotaped deposition at trial is well-accepted and widespread.

### 2. *Public Interests*

The site of the accident was New Jersey, and the vehicles involved in the accident appear to be New Jersey-owned. Liability would be based on an application of the New Jersey Motor Vehicle Code. Not only are the local interests in the outcome of this action greater in the District of New Jersey, but a New Jersey District Judge would be more familiar with the applicable state law. Thus, the public interests also support the motion to transfer.

### CONCLUSION

The Connors' choice of venue is of significant import, but it is outweighed by the other relevant factors. R & S has established, based on pertinent public and private interests, that this matter should be transferred to the District of New Jersey.[3] An appropriate order follows.

### ORDER

AND NOW, this 5th day of March, 2003, upon consideration of Motion of Defendant R & S Parts & Services, Inc., Improperly

---

**2.** Plaintiffs claim that liability is not an issue in this action because of the contents of an accident investigation report made by police, and that the issue of damages alone will require testimony. It is premature of plaintiffs to conclude that liability witnesses will not be required.

**3.** The Connors, in their response to the motion to transfer, state that, if the motion is granted, their claims against Bruce Brighton should be reinstated before transfer. (Plaintiffs' Ans. to Def.'s Motion, at 4.) Plaintiffs should address reinstatement of the dismissed co-defendant in the District of New Jersey.

Pled as R & S Strauss, Inc., to Transfer Venue Pursuant to 28 U.S.C.A. § 1404(a) (Paper # 21) and Plaintiffs' Answer to Motion of Defendant R & S Parts & Services, Inc. to Transfer Venue (Paper # 22), it is hereby **ORDERED** that:

1. The Motion of Defendant R & S Parts & Services, Inc. to Transfer Venue Pursuant to 28 U.S.C.A. § 1404(a) (Paper # 21) is **GRANTED.** This action shall be transferred to the United States District Court for the District of New Jersey, a venue in which the action could have been brought.